

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:22-cr-124 |
| | ) | |
| v. | ) | **Count 1: Conspiracy to Commit Wire** |
| | ) | **Fraud** |
| OLABANJI OLADOTUN EGBINOLA | ) | (18 U.S.C. § 1349) |
| A.K.A. "RACHEL MOORE," | ) | |
| (Counts 1 – 3) | ) | **Count 2: Conspiracy to Launder** |
| | ) | **Monetary Instruments** |
| and | ) | (18 U.S.C. § 1956(h)) |
| | ) | |
| HAKHYUN CHUN, | ) | **Count 3: Wire Fraud** |
| (Count 2) | ) | (18 U.S.C. § 1343) |
| | ) | |
| Defendants. | ) | **Forfeiture Notice** |

## SUPERSEDING INDICTMENT

September 2022 Term – At Richmond, Virginia.

THE GRAND JURY CHARGES THAT:

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

#### GENERAL ALLEGATIONS

At all times material to this Indictment, unless stated otherwise:

1. The defendant, OLABANJI OLADOTUN EGBINOLA, a.k.a. "Rachel Moore," was a member of an international criminal conspiracy with other individuals engaged in a series of business email compromise ("BEC") fraud schemes. In BEC schemes, fraudsters target businesses, government entities, educational institutions or other large organizations that regularly make payments to vendors through wire transfers. BEC conspirators use a variety of techniques and strategies to impersonate email addresses

associated with employees of a party to a business transaction with the victim. The conspirators then use social engineering through email to convince the victim to wire money into a bank account that the fraudsters control. This is accomplished by providing "updated" wiring instructions to the victim after establishing a track record of correspondence.

2. Conspiracy members known as "money mules" set up U.S.-based bank accounts that receive the stolen funds resulting from the updated wiring instructions. After the victim's money is received in the new bank account, a money mule or another member of the conspiracy will attempt to transfer the money to one or more overseas bank accounts. Sometimes the money is first sent through U.S.-based bank accounts before it is transferred to offshore accounts. In either case, once the money has been transferred overseas it is difficult if not impossible to retrieve the stolen funds.

3. For each victim targeted by the conspiracy in which EGBINOLA participated, the conspirators created an internet domain name that was deceptively similar to the true domain name for a company with which the victim had an existing business relationship. This was accomplished by registering the bogus domain name with an internet domain registrar. After registering the deceptive domain name, an email account incorporating the deceptive domain name was created. Service for this email account could be supplied by the Internet domain registrar itself, or another email provider. After creating email accounts incorporating these deceptive domain names, conspirators used these accounts to impersonate employees of a company that had a business relationship with the victim. The conspirators would then trick the victim into wiring money into a bank account that the conspirators controlled.

4. Relevant to the defendant's participation in the conspiracy, Virginia Commonwealth University (VCU), in Richmond, Virginia, had an ongoing contract with Kjellstrom + Lee Construction, a construction company headquartered in Richmond, Virginia, both of which are located in the Eastern District of Virginia.

5. The automated clearing house (ACH) is an electronic funds-transfer system that facilitates financial transactions in the United States. The ACH network enables parties to move money from one bank account to another.

6. At all times pertinent to this Indictment, the defendant was located in the United Kingdom.

7. NameCheap.com, LLC (hereafter "NameCheap") is an internet domain name registrar headquartered in Phoenix, Arizona.

8. The Kjellstrom + Lee Construction company owns the internet domain name www.kjellstromandlee.com, which it registered in 2008.

### SCHEME AND ARTIFICE

9. The purpose of the scheme and artifice to defraud was for OLABANJI OLADOTUN EGBINOLA and other members of the conspiracy to enrich themselves financially by defrauding victims of money by impersonating companies with which the victims had existing contracts.

### MANNER AND MEANS

10. To execute the above-described scheme, one or more members of the conspiracy, other than the defendant himself, committed the following actions, among others:

   a. On or about March 13, 2017, an individual created an account with NameCheap using the account name "bridgetclark";

b. On or about August 17, 2017, an individual identified herein as "S.C." opened a checking account, account number ending in 3483, with the Bank of Hope in Los Angeles, California;

c. On or about September 26, 2018, a conspirator using the "bridgetclark" NameCheap account registered the internet domain name www.kjellstromleegroup.com;

d. On or about September 26, 2018, a conspirator using the name "Rachel Moore" and the email address accounts@kjellstromleegroup.com contacted an employee with the procurement department of VCU, stating that the bank account on file for receiving payments was currently being audited and inquired if the next payment could be sent to their foreign bank account;

e. On or about October 4, 2018, a conspirator using the name "Rachel Moore" and the email address accounts@kjellstromleegroup.com sent an email to an employee with VCU stating that the audit process for their bank account would last four to six weeks and inquired whether it was possible to "setup the ACH once it is over";

f. On December 10, 2018, "Rachel Moore" sent the following message to the university employee:

> *"Hope you are good. We signed up for ACH a couple of weeks ago, but a remittance email was not requested. Can you please notify us at remittance@kjellstromleegroup.com when a payment has been made. Can you please also confirm our last payment was on the 1st of November. Thank you."*

11. In furtherance of the scheme, the defendant, OLABANJI OLADOTUN EGBINOLA, committed the following actions, among others:

   a. On or about February 15, 2019, the defendant accessed the accounts@kjellstromleegroup.com email account and attempted to complete an ACH form with the intent of providing updated bank account information to the procurement department at VCU.

## COUNT ONE
(Conspiracy to Commit Wire Fraud)

The above sections of this Indictment entitled "General Allegations," "Scheme and Artifice," and "Manner and Means" are incorporated by reference as if fully set forth here.

Beginning sometime before March 13, 2017, the exact date being unknown, and continuing until February 15, 2019, in the Eastern District of Virginia and elsewhere within the jurisdiction of the Court, the defendant, OLABANJI OLADOTUN EGBINOLA, did unlawfully and knowingly conspire with other persons both known and unknown to the Grand Jury to commit an offense contained within Chapter 63 of Title 18 of the United States Code, in that they conspired to knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, transmitted and caused transmission of writings, signs, and signals in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

(In violation of Title 18, United States Code, Section 1349.)

## COUNT TWO
(Conspiracy to Launder Monetary Instruments)

### THE CONSPIRACY

The sections in Count One above entitled "General Allegations," "Scheme and Artifice," and "Manner and Means" are incorporated by reference as if fully set forth here.

Beginning sometime before March 13, 2017, the exact date being unknown, and continuing until February 15, 2019, in the Eastern District of Virginia and elsewhere within the jurisdiction of the Court, defendants OLABANJI OLADOTUN EGBINOLA and HAKHYUN CHUN did knowingly combine, conspire, and agree with other persons both known and unknown to the Grand Jury to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956, to wit:

a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is wire fraud, with the intent to promote the carrying on of specified unlawful activity, that is wire fraud, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified

unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c. to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument or funds involving the proceeds of specified unlawful activity, that is, wire fraud and bank fraud, from a place in the United States to or through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

a. On or about August 17, 2017, defendant HAKHYUN CHUN requested and directed an individual identified herein as "S.C." to open a checking account with the Bank of Hope in Los Angeles, California, in the name of CHUN's business, EDHD, Inc.;

b. On or about August 17, 2017, "S.C." opened a checking account with the Bank of Hope in the name of EDHD Inc., to which the Bank of Hope assigned an account number ending in 3483;

c. From on or about September 26, 2018, through on or about December 10, 2018, defendant OLABANJI OLADOTUN EGBINOLA communicated with employees of the procurement department of VCU using the alias "Rachel Moore" and claiming to be an employee of the Kjellstrom + Lee construction company;

d. From on or about September 26, 2018, through on or about December 10, 2018, defendant OLABANJI OLADOTUN EGBINOLA, using the alias "Rachel Moore," tricked employees of the procurement department of VCU to change the account for an upcoming contract payment to the Bank of Hope account number ending in 3483;

e. On or about December 20, 2018, Bank of Hope account number ending in 3483 received an ACH wire transfer in the amount of $469,819.44 from VCU;

f. From on or about December 21, 2018, through December 26, 2018, defendant HAKHYUN CHUN distributed over $453,000 of the funds VCU transferred to Bank of Hope account 3483 by conducting at least 45 transactions, which included cash withdrawals, writing checks, and making wire transfers to multiple payees.

(All in violation of Title 18, United States Code, Section 1956(h)).

## COUNT THREE
(Wire Fraud)

The above sections of this Indictment in Count One entitled "General Allegations," "Scheme and Artifice," and "Manner and Means" are incorporated by reference as if fully set forth here.

On or about December 20, 2018, in the Eastern District of Virginia and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud, the defendant OLABANJI OLADOTUN EGBINOLA, who aided, abetted, induced, counseled, and encouraged others, and who was himself aided, abetted, induced, counseled, and encouraged by others, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce an ACH wire transfer in the amount of $469,819.44 from a bank account controlled by Virginia Commonwealth University to a bank account with account number ending in 3483 at the Bank of Hope, located in Los Angeles, California.

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant, upon conviction of any offense set forth in Counts One or Three of the Indictment, shall forfeit to

the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

The defendant is further notified that upon conviction of Count Two of the Indictment, he shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

If the property subject to forfeiture meets the requirements of 21 U.S.C § 853(p), the United States will seek an order forfeiting substitute assets.

(All in accordance with Title 18, United States Code, Sections 982(a)(1), 982(a)(2) and 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).)

A TRUE BILL:

JESSICA D. ABER
UNITED STATES ATTORNEY

Brian R. Hood
Assistant United States Attorney